UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liliana Carolina Yanes, i*ndividually and on behalf of all others similarly situated,* | )<br>)<br>) |
| Plaintiff(s), | ) **Case No. 23-9454** |
| -*against*- | )<br>)<br>) |
| Nilkhant 2 Car Wash, LLC d/b/a Bethpage Car Wash, Rakeshbhai Patel, Darpan Patel and Ronak Patel, | )<br>)<br>) |
| Defendant(s). | ) |

Plaintiff(s) Liliana Carolina Yanes, hereby file(s) this complaint against Defendants Nilkhant 2 Car Wash, LLC d/b/a Bethpage Car Wash, Rakeshbhai Patel, Darpan Patel and Ronak Patel, and allege(s) as follows:

## INTRODUCTION

1. This complaint is filed by Plaintiff(s) against Defendants to recover:

   a. Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

   b. Failure to pay regular wages under NYLL § 193;

   c. Call-in pay as required by 12 NYCRR § 142-3.3;

   d. Tip theft under NYLL § 196-d;

   e. Statutory damages for wage statement violations of NYLL § 195(3);

   f. Statutory damages for wage notice violations under NYLL § 195(1);

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since

such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

### *Plaintiffs*

*Liliana Carolina Yanes*

5. Plaintiff Liliana Carolina Yanes is a natural person who resides in Nassau County, New York.

6. Liliana Carolina Yanes was an employee of Defendant Nilkhant 2 Car Wash, LLC at times during the six-year and 228-day period preceding the filing of this complaint ("relevant time period").

### *Defendants*

*Nilkhant 2 Car Wash, LLC*

7. Defendant Nilkhant 2 Car Wash, LLC ("Nilkhant") is a domestic limited liability company formed under the laws of the State of New York.

8. Nilkhant 2 Car Wash, LLC does business as the "Bethpage Car Wash.,"

9. Defendant's principal place of business is located at 4110 Hempstead Turnpike, Bethpage, New York 11714.

10. During the Relevant time period, Nilkhant operated a car wash.

11. Nilkhant has been engaged in commerce as defined in 29 U.S.C. §§ 201 et. seq.

during the relevant time period.

12. For each calendar year from January 1, 2020, and up to the present time Nilkhant's annual gross volume of sales made or business done was not less than $500,000.

13. Nilkhant employed the Plaintiff(s).

*Rakeshbhai Patel*

14. Rakeshbhai Patel is a natural person who resides in Queens County, New York.

15. Upon information and belief, Rakeshabi Patel has been a member of Nilkhant during the relevant time period.

16. Upon information and belief, Rakeshabi Patel has been a manager and/or managing member of Nilkhant during the relevant time period.

17. Rakeshbhai Patel had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

18. Upon information and belief, Rakeshbhai Patel exercised sufficient operational control over Nilkhant to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

19. Rakeshbhai Patel employed the Plaintiffs.

*Darpan Patel*

20. Darpan Patel is a natural person who resides in Queens County, New York.

21. Upon information and belief, Rakeshabi Patel has been a member of Nilkhant during the relevant time period.

22. Upon information and belief, Rakeshabi Patel has been a manager and/or managing member of Nilkhant during the relevant time period.

23. Darpan Patel had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and

method of their pay, and maintained records of their employment.

24. Upon information and belief, Darpan Patel exercised sufficient operational control over Nilkhant to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

25. Darpan Patel employed the Plaintiffs.

*Ronak Patel*

26. Ronak Patel is a natural person who resides in Queens County, New York.

27. Upon information and belief, Rakeshabi Patel has been a member of Nilkhant during the relevant time period.

28. Upon information and belief, Rakeshabi Patel has been a manager and/or managing member of Nilkhant during the relevant time period.

29. Ronak Patel had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

30. Upon information and belief, Ronak Patel exercised sufficient operational control over Nilkhant to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

31. Ronak Patel employed the Plaintiffs.

**FACTUAL ALLEGATIONS**

32. The Plaintiff Liliana Carolina Yanes ("Yanes") was employed by Nilkhant as a manual worker, driving and cleaning vehicles.

33. She was employed by Nilkhant from Approximately March 15, 2020 until on or about July 18, 2023.

34. The Defendants paid the Plaintiff an hourly rate follows:

   a. During 2020 - $13.00;

   b. During 2021 - $14.00;

  c. During 2022 - $15.00.

35. From approximately March 15, 2020 until approximately March 15, 2023, the Plaintiff's scheduled hours were from 8 AM until 5 PM, six days a week (approximately 54 hours weekly).  Thursday was her day off.

36. From approximately March 15, 2023 until her separation from employment, the Plaintiff was paid for approximately 36 hours each week.

37. The Defendant required the Plaintiff to perform additional work pre- and post-shift work) which was not compensated.

38. The Defendant's car wash opened to the public at 8:00 AM.

39. The Defendants required the Plaintiff to report to work at least 10 minutes before the opening of the car wash.  She was not paid for this time.

40. The Defendant's interior cleaning services were provided until 5:00 PM, after which time the car wash only provided exterior washes.

41. The Plaintiff was required to work until the last car entering at 5:00 PM was cleaned, the towels were collected and washed, and the car wash was closed-down for the day.  This resulted in anywhere from 10-30 minutes of additional work after 5:00 PM.  The Defendants did not pay the Plaintiff for this time.

42. The Defendants did not pay the Plaintiff for time she was required to be present at the car wash, but during which the car wash was not open to the public.  For example, on numerous occasions the car wash did not immediately open at 8:00 AM due to inclement weather, but instead opened at 9:00 AM or thereafter.  The Plaintiff was not paid for this "waiting" time.  On other occasions, after the beginning of the work day, the car wash closed temporarily due to inclement weather.  The Plaintiff was not paid for this "waiting" time.

43. The Defendants did not pay the Plaintiff for at least 4 hours when she reported to

work as scheduled.  More specifically, the Plaintiff, on several occasions, reported to work before 8:00 AM as required by the employer.  However, if the car wash did not officially "open" to the public due to inclement weather, and the Plaintiff was sent home, the Plaintiff did not receive any compensation.

44. The foregoing practices resulted in the failure to pay overtime wages when the Plaintiff worked in excess of 40 hours per workweek, and regular wages to the extent that, in a given week, the plaintiff was paid for fewer than 40 hours.

45. The Defendants deprived the Plaintiff of gratuities.  There were "tip boxes" into which customers deposited cash tips.  The Defendants did not keep accurate records of these cash tips.  The Defendants had a tip pool, but did not keep records of the tip pool.  The Defendants also permitted individuals with managerial authority to participate in the tip pool, thereby depriving the Plaintiff of gratuities to which she was entitled.

46. The wage statements furnished by the Defendants to the Plaintiff were incorrect and did not comply with NYLL § 195(3) because they did not include cash tips.

47. Defendants never furnished Plaintiff with a notice within 10 days of hiring as required by NYLL § 195(1) and 198(1-b).

*Willfulness*

48. Defendants' violations of the Fair Labor Standards Act and the NYLL were willful.

49. The Defendants' actions are part of a pattern or practice of disregard of state and federal wage and hour laws.

50. The Defendants failed to keep accurate records of the hours worked by the Plaintiff and her co-workers as required by the FLSA and the NYLL.

51. The Defendants failed to keep accurate records of the tips collected and distributed.

52. The Defendants failed to post notices of employee rights as required by the NYLL and the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all hourly employees who were employed by Nilkhant within the three year period immediately preceding the filing of this action (the "putative collective").[1]

54. At all relevant times, Plaintiff and the members of the putative collective were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans which included: (1) requiring employees to perform "pre-shift" work, but not paying employees for such work, (2) requiring employees to be present at the car wash during regular business hours while it was temporarily closed, but not paying employees for such time, (3) requiring employees to perform unpaid "post shift" work, and (4) failing to keep accurate records of the hours worked by employees.

55. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

56. Upon information and belief, there are at least 20 similarly situated employees who would benefit from notice of this collective action.

## FIRST CAUSE OF ACTION

**Overtime Violations - Fair Labor Standards Act**

**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 216**

57. Plaintiff(s) reallege and incorporate by reference all allegations in all preceding

---

[1] Plaintiffs reserve the right, as necessary to protect the rights of the putative collective, to amend this complaint to include NYLL claims of those similarly situated who consent to join this action.

paragraphs.

58. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

59. At all times relevant, Plaintiff(s) were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60. The Defendants employed the Plaintiff(s) as an employer.

61. The Defendants failed to compensate the Plaintiff(s) at one and one half times their regular rate of pay for all hours worked in excess of 40.

62. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiff(s). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

63. As a result of Defendants' violations of the FLSA, the Plaintiff(s) have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

### Overtime

**NYLL Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**

64. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

65. At all times relevant, the Plaintiff(s) have been employees and Defendants have been the employer within the meaning of the NYLL § 651.

66. The Defendants failed to compensate the Plaintiff(s) at one and one half times their regular rate of pay for all hours worked in excess of 40.

67. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

68. Due to the Defendants' violations of the NYLL, the Plaintiff(s) are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### Straight Wages

### NYLL § 193

69. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

70. At all times relevant, the Plaintiff(s) have been employees and Defendants have been the employer within the meaning of the NYLL § 190.

71. The Defendants failed to compensate the Plaintiff(s) for all non-overtime hours worked at their regular rate of pay.

72. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

73. Due to the Defendants' violations of the NYLL, the Plaintiff(s) are entitled to recover from the Defendants their unpaid wages, liquidated damages, attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

### Call-In pay

### NYLL Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-3.3

74. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

75. At all times relevant, the Plaintiff(s) have been employees and Defendants have been the employer within the meaning of the NYLL § 651.

76. Plaintiff(s) reported for work by request or permission of the Defendants.

77. The Defendants failed to compensate the Plaintiff(s) at least four hours at the minimum wage for each day in which the Plaintiff(s) reported for work.

78. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

79. Due to the Defendants' violations of the NYLL, the Plaintiff(s) are entitled to recover from the Defendants their call-in pay, liquidated damages, attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## FITH CAUSE OF ACTION

### Gratuities

### NYLL § 196-d

80. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

81. At all times relevant, the Plaintiff(s) have been employees and Defendants have been the employer within the meaning of the NYLL § 190.

82. The Defendants received cash payments that were intended to be gratuities payable to the Plaintiff(s).

83. The Defendants withheld gratuities owed to the Plaintiff(s).

84. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

85. Due to the Defendants' violations of the NYLL, the Plaintiff(s) are entitled to recover from the Defendants their gratuities, liquidated damages, attorneys' fees, costs of the

action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION

### Wage Statement Claims

### NYLL §§ 195(3) & 198

86. Plaintiff(s) reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

87. Defendants did not issue wage statements to Plaintiff(s) with each payment of wages that complied with NYLL § 195(3).

88. Due to the Defendants' violations of NYLL § 195(3), the Plaintiff(s) are entitled to recover from the Defendants statutory damages of $250 per workday up to a maximum of $5,000 each, attorneys' fees and costs of the action.

## SEVENTH CAUSE OF ACTION

### Wage Notice Claim

### NYLL §§ 195(1) & 198

89. Plaintiff Polanco realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

90. The Defendants did not issue a wage notice to Polanco within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

91. Due to the Defendants' violation of NYLL § 195(1) Plaintiff(s) are entitled to recover from the Defendants statutory damages of $50 per workday up to a maximum of $5,000, attorneys' fees and costs of the action.

## JURY DEMAND

Plaintiff(s) demand a trial by jury on all claims properly triable by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

    A.    Unpaid overtime wages under the FLSA;

    B.    Unpaid overtime wages under the NYLL;

    C.    Unpaid regular wages under the NYLL;

    D.    Call-In Pay under the NYLL;

    E.    Gratuities under the NYLL;

    F.    Statutory damages for violations of NYLL § 195(3);

    G.    Statutory damages for violations of NYLL § 195(1);

    H.    Liquidated damages;

    I.    Attorneys' fees and costs of the action;

    J.    Pre-judgment and post-judgment interest as provided by law; and

    K.    Such other relief as this Court shall deem just and proper.

Dated: December 18, 2023
       Huntington, New York

MOSER LAW FIRM, P.C.

*Steven John Moser*
Steven John Moser (SM6628)
5 East Main Street
Huntington, New York 11743
steven.moser@moserlawfirm.com
(631) 824-0200